1   Richard O. Evanns SBN: 277442
    Evanns Collection Law Firm
2   3731 Wilshire Blvd, Suite 514
    Los Angeles, CA 90010
3   213-292-6888
    enforcements@rocketmail.com
4
    Attorney for Judgment Creditor,
5   James E. Shelton

6

7

8                  **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10
                                        )
11  JAMES E. SHELTON                    )   CASE NO. 2:23-mc-00109
                                        )
12                                      )
                                        )
13             Plaintiff,               )   **NOTICE OF MOTION AND MOTION**
           v.                           )   **FOR ASSIGNMENT ORDER OF**
14                                      )   **DEBTOR'S LAWSUIT SETTLEMENT**
                                        )   **PROCEEDS; SUPPORTING**
15  EVE ARON                            )   **DECLARATION OF RICHARD O.**
                                        )   **EVANNS; PROPOSED ORDER.**
16             Defendant                )
                                        )
17                                      )   **(C.C.P. § 710.510, et. seq.)**
                                        )
18                                      )

19  _____

20   **TO:    JUDGMENT DEBTOR EVE ARON (ALSO KNOWN AS EVE OHAYON), AND**
            **BARBARA J. MANDELL, ESQUIRE (THIRD-PARTY HOLDING FUNDS)**
21

22         PLEASE TAKE NOTICE that on October 20, 2023 at 1:30 PM in the U.S. District Court

23  for the Central District of California, located at the First Street Courthouse, 350 West 1st

24  Street, Courtroom 6A, 6th Floor, Los Angeles, California 90012-4565 or as soon thereafter as this

25  matter may be heard, Judgment Creditor James E. Shelton, by and through his undersigned

26  counsel of record, Richard O. Evanns, Esq., will move the Honorable Philip S. Gutierrez, Chief

27  United States District Judge, for an order assigning all net lawsuit settlement proceeds payable to

28  Judgment Debtor Eve Aron (a/k/a Eve Ohayon) in connection with Los Angeles County Superior

Court Case No. 21STCV30484 to Judgment Creditor to the extent necessary to satisfy the judgment.

The motion will be based on this notice, *California Code of Civil Procedure* Sec. 710.510 et. seq and applicable caselaw, the Declaration with exhibits submitted concurrently herewith, the Memorandum of Points and Authorities submitted herewith, the papers and the records on file herein, and on such further evidence as may be presented at the hearing on the motion.

## L.R. 7-3 CONFERRAL STATEMENT

This motion is made following counsel's good-faith attempts to meet and confer with Judgment Debtor. On September 1, 2023 at 2:46 PM, undersigned counsel contacted the Judgment Debtor, Eve Aron, a/k/a Eve Ohayon, who has not appeared in this action via counsel (email: evearon1@gmail.com). The e-mail to Judgment Debtor was not returned as undeliverable. Also, on September 1, 2023, undersigned counsel called the Judgment Debtor on her cell phone at 617-835-1084. The Judgment Debtor did not answer the call and her voicemail box was full, thus counsel was not able to leave a voicemail. The Judgment Debtor did not respond to counsel's email requesting to meet and confer. Also on September 1, 2023, undersigned counsel emailed and called counsel representing Judgment Debtor in a separate matter, Case No. 21STCV30484 in the Los Angeles County Superior Court, Anna Okhovat, Esq., of the Okhovat Law Firm, APLC. Counsel was not available to speak via phone. Ms. Okhovat replied via email the same day that she would respond to the substance of undersigned counsel's email, however, she failed to do so. Neither the Debtor nor Debtor's attorney in the Superior Court action have indicated that Debtor will agree to satisfy the judgment or otherwise consent to the relief requested in this Motion.

Counsel conferred via telephone with Barbara J. Mandell, Esq. on September 1, 2023 regarding the contemplated Motion for Assignment Order for settlement proceeds. Ms. Mandell stated that she has no interest in the outcome of this motion, other than to "address how these proceeds are to be distributed". Creditor now files the instant Motion for Assignment Order.

Dated: September 8, 2023

*/s/ Richard O. Evanns*
Richard O. Evanns
Attorney for Assignee of Record,
James E. Shelton

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.  STATEMENT OF FACTS

On December 28, 2022, Judgment was entered in favor of Plaintiff/Original Judgment Creditor Christopher Samuel ("Samuel") and against Defendants/Judgment Debtor Eve Aron in the amount of $48,972.33 plus post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a) (the "Judgment") in the United States District Court for the Eastern District of New York, Case No. 1:19-cv-05229-MKB-TAM (the "New York Action"). *See **Exhibit "1"***, see also *Declaration of Richard O. Evanns*, ¶1.  On August 22, 2023, an Acknowledgement of Assignment of Judgment was filed in the New York Action, in which Samuel irrevocably transferred and assigned all rights, title, and interest in the Judgment, together with interest and costs, to the undersigned Assignee of Record, James E. Shelton. *See* Doc. No. 1, Page ID#:3-5, a true and correct copy of the *Acknowledgment of Assignment of Judgment* filed on August 22, 2023, *Evanns Decl*. ¶2, ***Exhibit "2".*** On August 22, 2023, Assignee of Record registered the Judgment in this Court pursuant to 28 U.S.C. § 1963. By virtue of this registration, pursuant to §1963, the Judgment has the same effect as a judgment of the Central District of California and may be enforced in like manner. *See* Doc. No. 1. The total principal and costs, together with post-judgment interest as provided by 28 U.S.C. § 1961, is still outstanding.

The Judgment as of the day of this pleading remains unsatisfied, the outstanding balance (with interest and costs) being **$50,553.61.** *Evanns Decl.* ¶3.

### Debtor is Also Known As Eve Ohayon

Judgment Debtor Eve Aron is now known as "Eve Ohayon", which is her married name upon information and belief. *Evanns Decl. ¶*5. Judgment Debtor is the named plaintiff in a separate civil action filed in the Los Angeles County Superior Court, captioned *Eve Ohayon v. Ryan Johnson and Sarah Rachel Johnson*, Case No. 21STCV30484 ("the Superior Court Action"). In the Superior Court Action, Eve Ohayon (formerly known as Eve Aron), the same person that is the Judgment Debtor in this action, sued for damages arising from a dog bite she allegedly received. See ***Exhibit "3"***, *Evanns Decl. ¶*6-7. The Defendants in the Superior Court Action are

represented by Barbara J. Mandell, Esq. of Colman Perkins Law Group. *Evanns Decl.* ¶8. In the Superior Court Action, Ms. Ohayon is represented by Anna Okhovat, Esq. of the Okhovat Law Firm. *Evanns Decl.* ¶9. On August 4, 2023, Ms. Okhovat filed a Notice of Settlement of Entire Case in the Superior Court Action, stating that the entire case has been unconditionally settled and a request for dismissal will be filed within 45 days after the date of the settlement. *See **Exhibit "4"***, *Evanns Decl*. ¶10. On August 25, 2023, Mr. Shelton filed a Notice of Lien in the Superior Court Action pursuant to CCP §708.410. See ***Exhibit "5"***, *Evanns Decl*. ¶11. On August 28, 2023, Mr. Shelton filed a Proof of Service in the Superior Court Action reflecting service by mail upon all parties, including the Judgment Debtor. *Id*. at ¶10. In response to the Notice of Lien, Ms. Ohayon's attorney cited case law for why the Notice of Lien purportedly should not attach to the Settlement Proceeds. *Evanns Decl.* ¶12. However, Ms. Ohayon's counsel in the Superior Court Action did not argue "Eve Aron is not the same person as Eve Ohayon, you have the wrong party". See *Evanns Decl.* ¶13. And in response to the Notice of Lien, Ms. Mandell (counsel for Defendants holding the settlement proceeds) also did not raise any claims as to the Judgment Debtor's identity. She did not say "you have the wrong person". *Evanns Decl.* ¶14.

No one has ever contested that Eve Ohayon and Eve Aron are not the same person. When undersigned counsel contacted the Judgment Debtor and her counsel in the Superior Court Action on September 1, 2023 (in an abundance of caution, since Ms. Ohkovat has not appeared as counsel in this case as of now), counsel e-mailed "evearon1@gmail.com" and copied Ms. Ohkovat. Then Ms. Ohkovat responded to counsel for Creditor's email but she never claimed "Eve Ohayon is a different person than Eve Aron" or anything similar.

Additionally, counsel for Creditor has located additional public records which indicate that Eve Ohayon is the same person as Eve Aron (the Judgment Debtor). Creditor has conducted a search for other lawsuits in which the Debtor is a party. Creditor discovered a case filed in the Los Angeles County Superior Court, captioned *Roie Maor v. Eve M. Aron and Zion Horse Enterprises LLC, a California limited liability company*, Case No. 22STCV38516. In that action, which was filed on December 9, 2022, the plaintiff sued Zion Horse Enterprises LLC and Eve M. Aron for breach of contract, open book account, account stated, money had and received, breach of

fiduciary duty, fraud, constructive trust, accounting, and recovery of dishonored checks [Pursuant to CC § 1919). *See Exhibit "6",* a true and correct copy of the Complaint filed in Case No. 22STCV38516, *Evanns Decl*. ¶17. Then on February 1, 2023, the plaintiff, Roie Maor, filed an Amendment to Complaint (Fictitious/Incorrect Name) stating that plaintiff has discovered that the true name of the Defendant to be "Eve Ohayon".  See *Exhibit "7"*, a true and correct copy of the Amendment to Complaint (Fictitious/Incorrect Name), *Evanns Decl.* ¶18. Just two (2) days later, on February 3, 2023, Defendant Eve M. Aron filed an Answer to Complaint, through counsel, Callahan & Blaine, APLC. *See Exhibit* **"8",** a true and correct copy of Defendant's Answer in the Maor Action, *Evanns Decl*. ¶19. It is noteworthy that Defendant did not assert that Eve Ohayon was not the same person as Eve Aron in her Answer (or anywhere else).

Since the entity Zion Horse Enterprises LLC was also named as a Defendant in the *Maor* action (Case No. 22STCV38516), Creditor conducted research on this entity. A search of the California Secretary of State revealed that "Eve Ohayon" was the Organizer of "Zion Horse Enterprises LLC", Entity Number: 202119010592, as reflected by an LLC Registration – Articles of Organization filed July 7, 2021 with the California Secretary of State. *See Exhibit "9",* a true and correct copy of the LLC Registration – Articles of Organization filed July 7, 2021, *Evanns Decl.* ¶21. The address listed for the business was 6701 Eton Ave # 546, Canoga Park, California 91303. Evanns Decl. ¶22. Then on July 13, 2021, just six (6) days later, a Statement of Information was filed for Zion Horse Enterprises LLC in which Eve M. Aron was listed as the Manager or Member, with the same exact address, 6701 Eton Ave # 546, Canoga Park, CA 91303. *See Exhibit "10",* a true and correct copy of the Statement of Information filed July 13, 2021, *Evanns Decl*. ¶23. There are no other Eve's listed as managers, members, officers, agent for service of process, organizer, or any other position for the company, as per the records of the California Secretary of State. *Evanns Decl.* ¶24. Under the circumstances, Creditor has more than established that Eve Aron is also known as Eve Ohayon.

**A Monetary Settlement is Payable to Judgment Debtor; Creditor Seeks Asssignment Order to Apply Net Proceeds Payable to Debtor to the Creditor's Outstanding Money Judgment**

Judgment Creditor has knowledge that Ms. Mandell is currently in possession of the settlement proceeds (or settlement check from her clients' insurance carrier, but either way, she is in possession, care, or custody of these funds). On August 25, 2023, Ms. Mandell was served with the Notice of Lien by electronic service. *See* Declaration of On August 26, 2023, Mr. Shelton e-mailed Ms. Mandell a copy of the Notice of Lien, and on August 28, 2023, Mr. Shelton e-mailed Ms. Mandell a copy of the Proof of Service by Mail for the Notice of Lien. In response, Ms. Mandell emailed, in pertinent part, "I can assure you that the settlement funds will not be released until we resolve this issue". *See **Exhibit "13",*** a true and correct copy of this e-mail chain, *Evanns Decl.* ¶33.

Under law, Creditor may apply for an order requiring assignment of the settlement proceeds to the Creditor, to apply towards satisfaction of the judgment herein.  Based on the foregoing facts, Creditor hereby applies for such an order.

## POINTS AND AUTHORITIES

Fed. R. Civ. P. 69(a)(1) governs execution on money judgments, and states:

>  (1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—**must accord with the procedure of the state where the court is located**, but a federal statute governs to the extent it applies.

## B. STATEMENT OF LAW AND ARGUMENT

I. LAWSUIT SETTLEMENT PROCEEDS DESCRIBED HEREIN ARE SUBJECT TO

ASSIGNMENT ORDER UNDER CAL. CODE. CIV. PROC. §708.510 et seq.

C.C.P. Section 708.510 reads in pertinent part as follows:

> "708.510.  (a)  Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor or to a receiver appointed pursuant to Article 7 (commencing with Section 708.610) all or part of a right to payment due or to become due, whether or not

1

the right is conditioned on future developments, including **but not limited to** the
following types of payments:

2

(1) Wages due from the federal government that are not subject to
 withholding under an earnings withholding order.

3

(2) Rents.

4

(3) Commissions.
(4) Royalties.

5

(5) Payments due from a patent or copyright.

6

(6) Insurance policy loan value.
          (b) The notice of the motion shall be served on the judgment

7

          debtor. Service shall be made personally or by mail."

8        As described above, Creditor has learned that the Judgment Debtor, Eve Aron, a/k/a Eve

9    Ohayon, is the plaintiff in a civil lawsuit (Case No. 21STCV30484) filed on August 17, 2021 in

10   the Los Angeles County Superior Court, Department 25, Spring Street Courthouse. The lawsuit

11   sought damages from Ryan Johnson and Sarah Rachel Johnson stemming from an alleged dog bite

12   incident. *Evanns Decl*. ¶6-7 The Defendants in the Superior Court Action engaged in extensive

13   litigation and defended the case. They were represented by Barbara J. Mandell, Esquire. After

14   nearly two (2) years of litigation, the Superior Court Action was settled on or about August 4,

15   2023. Upon information and belief, Judgment Debtor (Plaintiff in the Superior Court Action), Eve

16   Aron, a/k/a Eve Ohayon, is entitled to receive a monetary settlement payment pursuant to the

17   settlement of her claims. The net settlement proceeds payable to Judgment Debtor should be

18   assigned to the Judgment Creditor and applied towards satisfaction of Mr. Shelton's outstanding

19   money judgment rendered by a New York federal court and registered in this District for

20   enforcement purposes.

21

22       The Judgment Debtor's right to receive a settlement payment is an asset that falls under the

23   very broad ambit of C.C.P. Section 708.510(a)(2), and may be reached by an assignment order.

24   Section 708.510 expressly states that the list is merely illustrative, and not exhaustive. 708.510 (in

25   pertinent part) provides for assignment of:

"…all or part of a right to payment due or to become due, whether or not the right is

26   conditioned on future developments, including but not limited to the following types of
payments…" (Emphasis added).

27

28       C.C.P. § 708.510 is an extremely broad statute, which provides for assignment of essentially

any non-exempt payments, which are due, or which may become due in the future. (See also Ahart

1    Cal. Practice Guide: Enforcing Judgments and Debts §§6:1422 "If a judgment debtor has a right to

2    any future payment, a Court may order assignment of all or part of such a right to payment to the

3    judgment creditor."  See also Ahart, §§6:1423, (Creditor can seek assignment of accounts

4    receivable, general intangibles, judgments and instruments…) [Accounts receivables are defined

5    in Cal. Commercial Code §9102(a)(2)(i)(ii) as "a right to payment of a monetary obligation,

6    whether or not earned by performance…"].

7

8

9    **Creditor is entitled to Assignment Order and requires Order for delivery of funds flowing**

10   **from assigned payment rights.**

11   *Assignment of payment rights under a settlement agreement resolving a legal claim.*

12

13        A motion for assignment of rights need only be noticed to the judgment debtor and such

14   notice must be by mail or in person. See *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, No.

15   814CV01664JVSFDM, 2022 WL 17371076 at *1 (C.D. Cal. March 17, 2022) (citing Cal. Civ.

16   Proc. Code 708.510(b)). See also *Cunningham v. Montes,* (C.D. Cal. Jan. 23, 2023), U.S. Dist.

17   LEXIS 11437. Creditor has satisfied that requirement by submitting a Proof of Service with this

18   Motion. Creditor's counsel also has served notice to the Judgment Debtor's attorneys in the

19   Superior Court Action as well as to Barbara J. Mandell, Esquire who has the settlement proceeds

20   (or settlement check) in her possession.

21

22        Although the judgment creditor need not provide "detailed evidentiary support," the

23   sources of the right to payment must be described with sufficient detail so that a judgment debtor

24   may file a claim of exemption or other opposition. *Linley Invs. v. Jamgotchian*, No.

25   211CV00724JAKAFMX, 2019 WL 1429507, at *3 (C.D. Cal. Feb. 25, 2019), *report and*

26   *recommendation adopted*, No. 211CV00724JAKAFMX, 2019 WL 1772432 (C.D. Cal. Apr. 22,

27   2019). The language of § 708.510(a) "suggests some degree of concreteness to the expected

28   payment is required." *Id.* (quoting *Legal Additions LLC v. Kowalksi*, No. C-08-2754 EMC, 2011

WL 3156724, at *2 (N.D. Cal. July 26, 2011)). In other words, more than mere speculation is

necessary. *See, e.g.*, *Passport Health, Inc. v. Travel Med, Inc.*, No. 2:09-CV-01753-GEB, 2012 WL 1292473, at \*4 (E.D. Cal. Apr. 16, 2012) ("Certainly, there needs to be more than just speculation before the remedy of an assignment can be provided.") (quoting *Legal Additions*, 2011 WL 3156724, at \*2); *Garden City Boxing Club, Inc. v. Briano*, No. CIVF-06-1270 AWI GSA, 2007 WL 4463264, at \*1 (E.D. Cal. Dec. 17, 2007) (denying the request for an assignment order where the request failed to identify any specific source of money to be assigned). *However*, the expected payment can be "conditioned on future developments." Cal. Civ. P. Code § 708.510(a); *Greenbaum v. Islamic Republic of Iran*, 782 F. Supp. 2d 893, 896 (C.D. Cal. 2008) ("[A]n assignment order can be based on contingent rights.").

Here, Creditor has identified with concreteness and particularity the source(s) of the right to payment: a settlement payable to Debtor resolving a dog bite claim against Ryan Johnson and Sarah Rachel Johnson in LA County Superior Court Case No. 21STCV30484. The source of the settlement monies is from the Defendants in the action Ryan Johnson and Sarah Rachel Johnson, the Defendants (or an insurance company handling the claim and indemnifying the Defendants by paying the settlement on their behalf to resolve all claims against the insured). Creditor submits that the names of the specific Defendants settling out the claim is more than sufficient to meet Creditor's burden with respect to the concreteness and particularity required by applicable case law for assignment orders. The very fact that a settlement has been entered into is supported by a Notice of Settlement filed in the Superior Court Action by Eve Ohayon (a/k/a Eve Aron) on August 4, 2023. *Evanns Decl.* ¶10.

Creditor has also submitted e-mails from Barbara J. Mandell, Esquire, who represented the Defendants (Ryan and Sarah Rachel Johnson) stating that she is in possession of the proceeds which are payable to Eve Ohayon pursuant to the settlement of her legal claims. Ms. Mandell has assured the Judgment Creditor and his counsel that the funds will not be released until this motion is ruled upon or an agreement reached between all parties. Creditor is not currently aware of the exact amount of the settlement proceeds payable to Eve Ohayon. However, Creditor is informed and believes the settlement amount is sufficient to satisfy the outstanding money judgment. Additionally, the payment right described herein is concrete and particularized enough that the

1  Judgment Debtor may file a claim of exemption or other opposition if she believes she is entitled

2  to do so under law.

3

4  As stated above, §708.510 is sufficiently broad so as to cover any payment right or income

5  streams (to the extent such payment right or income streams are not exempt) and is further

6  sufficiently broad as to cover payments "which are contingent upon future events" – in other

7  words, payment rights which may not have vested yet, or payment rights which have not yet been

8  discovered, may be covered by assignment order.

9  **The Relevant Factors Support Assignment Order**

10

11  In determining whether to order an assignment, the court may consider "all relevant

factors," including:
12
        (1) The reasonable requirements of a judgment debtor who is a natural person and
13    of persons supported in whole or in part by the judgment debtor.
        (2) Payments the judgment debtor is required to make or that are deducted in
14    satisfaction of other judgments and wage assignments, including earnings
    assignment orders for support.
15        (3) The amount remaining due on the money judgment.
        (4) The amount being or to be received in satisfaction of the right to payment that
16    may be assigned.
17

18  Cal. Civ. Proc. Code § 708.510(c).

19  The assignment order factors support assignment as Judgment Debtor has made no

20  payments towards the judgment and the entire judgment amount (plus post-judgment interest)

21  remains outstanding. *See Tanedo v. E. Baton Rouge Par. Sch. Bd.*, No.

22  SACV1001172JAKMLGX, 2014 WL 12642003, at *3 (C.D. Cal. Apr. 1, 2014) ("An assignment

23  of the rental income is also 'reasonably necessary to satisfy the judgment,' because no payments

24  have been made.")(quoting Cal. Civ. Proc. Code § 708.510(d)). Creditor holds a money judgment

25  in excess of $50,000 against the Debtor. Creditor is not aware of any wage garnishments or wage

26  assignments in place against the Debtor. The simple fact remains that Creditor has an outstanding

27  money judgment, and under the circumstances, Creditor should be permitted to collect from the

28  settlement proceeds.

*Creditor is entitled to and requires order compelling delivery of assigned funds directly from the*

1 | *party in possession of the settlement proceeds*

2

3        Further, given Judgment Debtor's failure to make efforts to satisfy the judgment, ordering

4 the party in possession, care, custody, or control of the settlement funds (Ms. Mandell, and/or her

5 clients or an insurance company on their behalf) to directly pay Mr. Shelton the net settlement

6 proceeds currently payable to Judgment Debtor is appropriate and contemplated.

7        As the proposed order lodged herewith outlines, Creditor seeks an order compelling any

8 party in possession of the settlement proceeds to turn over all net funds payable to Debtor (to the

9 extent necessary to satisfy the judgment, net of all outstanding contingency fees and costs owed to

10 counsel representing Eve Ohayon) to Creditor. The Judgment Debtor has refused to pay the

11 judgment, and Creditor believes it is very likely that she will continue to ignore the Court's orders.

12 More reputable parties, such as Ms. Mandell and/or her law firm, and/or the insurance carrier

13 indemnifying her clients, Ryan Johnson and Sarah Rachel Johnson, however, will likely comply

14 with an order of this Court without incident. This will allow Creditor to collect his judgment

15 without the Debtor's cooperation. It is important that the net funds payable to Ms. Ohayon do not

16 end up in the hands of the Debtor because then the money may, and likely will, disappear off into

17 the abyss without ever reaching Judgment Creditor.

18        Cal. Code Civ. Proc. § 187 states as follows:

19        "When jurisdiction is, by the Constitution or this Code, or by any other statute,
        conferred on a Court or judicial officer, all the means necessary to carry it into
20       effect are also given; and in the exercise of this jurisdiction, if the course of
        proceeding be not specifically pointed out by this Code or the statute, any suitable
21       process or mode of proceeding may be adopted which may appear most
        conformable to the spirit of this Code."
22

23        C.C.P. § 187 has been used for extremely broad purposes- for example, there is no statutory

24 authority for post-judgment veil piercing or addition of successor entities to a judgment, but these

25 tasks are routinely accomplished by C.C.P. § 187. If the Debtor is allowed to receive the funds

26 first, it is likely, if not extremely probably, that she will choose not to pay them to Creditor in

27 defiance of the Court's instructions. This is consistent with her behavior in refusing to satisfy an

28 outstanding money judgment. This would likely result in more motion practice (motions for

sanctions and/or contempt for failure to cooperate). There is an easier and more expeditious way to

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

avoid this. An order requiring Ms. Mandell, or any other party with possession, care, custody, or control of the settlement proceeds, to withhold payment of the assigned funds to Debtor, and to instead pay these funds directly to Creditor James E. Shelton, is very reasonable, and necessary to ensure the assignment order is complied with, and Creditor therefore applies for such an order.

**CONCLUSION**:

WHEREFORE, Assignee of Record and Judgment Creditor, James E. Shelton, through his undersigned attorney of record, hereby requests that the Court approve the attached proposed order, and grant all further relief as the Court deems just and appropriate under the circumstances.

Respectfully Submitted,

Dated: September 8, 2023

*/s/ Richard O. Evanns, Esq.*
Richard O. Evanns, Esq. (SBN: 277442)
Evanns Collection Law Firm
3731 Wilshire Blvd., Suite 514
Los Angeles, CA 90010
Attorney for Assignee of Record,
James E. Shelton